JOHN A. FRENCH & ux. & al. *versus* THOMAS ROLLINS.

Where one enters into the actual possession of land under a deed thereof in fee, and holds the same premises adversely to the claim of any one else, he thereby commits a disseisin against the title of any one not recognizing the right of his grantor to convey to him in fee.

If a tenant by the curtesy makes a conveyance of the estate in fee, he thereby creates a forfeiture of his estate, and the reversioner has an immediate right of entry.

Prior to the late revision of the statutes, there was no provision that the right of entry of heirs should be extended to twenty years next after the time when an intervening estate would have terminated by its own limitation, notwithstanding any forfeiture thereof.

WRIT of entry, demanding the southwest quarter of lot No. 106, in Belgrade. The facts, pertinent to the questions decided, appear in the opinion of the Court. A nonsuit was ordered by consent, which was to be set aside, if the demandant was entitled to recover.

*Vose & Lancaster*, argued for the demandants, and in their arguments cited *Brown* v. *Wood*, 17 Mass. R. 68; *Barnard* v. *Pope*, 14 Mass. R. 434; *Shumway* v. *Holbrook*, 1 Pick. 114; Stearns, 33; Co. Lit. 181 (a), 257 (b); *Ken. Pur.* v.

*Springer*, 4 Mass. R. 416 ; *Boston Mill Cor.* v. *Bulfinch*, 6 Mass. R. 229 ; *Little* v. *Libbey*, 2 Greenl. 242 ; 1 Johns. R. 156 ; 9 Johns. R. 163 ; 4 Taunt. 16 ; 1 Cowp. 62 ; *Millay* v. *Millay*, 18 Maine R. 387 ; 8 Johns. R. 262 ; 4 Kent, 30 ; *Davis* v. *Mason*, 1 Peters, 503 ; *Tilson* v. *Thompson*, 10 Pick. 359 ; *Wells* v. *Prince*, 9 Mass. R. 508 ; *Bruce* v. *Wood*, 1 Metc. 542 ; *Melvin* v. *Pro. Locks & Canals, &c.* 16 Pick. 137, and 17 Pick. 255 ; *Wallingford* v. *Hearl*, 15 Mass. R. 471 ; *Stevens* v. *Winship*, 1 Pick. 327 ; 12 East, 141 ; *Small* v. *Proctor*, 15 Mass. R. 495 ; 4 Kent, 482 ; *Stearns* v. *Godfrey*, 16 Maine R. 158 ; *Alden* v. *Gilmore*, 13 Maine R. 178 ; *Peters* v. *Foss*, 5 Greenl. 182.

*Wells* argued for the tenant, and cited *Melvin* v. *Pro. L. & C. on Merr. River*, 16 Pick. 137 ; Plowden, 353 ; Angel on Lim. 152 ; St. 1821, c. 72 ; *Poignard* v. *Smith*, 6 Pick. 173 ; Co. Lit. 29 (b).

The opinion of the Court was drawn up by

WHITMAN C. J. — It appears that the original right to the premises demanded was in the Proprietors of the Kennebec purchase ; and that those proprietors, in 1795, in a partition by them made, assigned to the right of John Hancock, one of those proprietors, he then having deceased, lot numbered 106, of which the demanded premises are a part ; and that the title to the same came by descent to Lucy Spear, wife of Samuel Spear. She deceased in 1810, leaving the demandants, her children by the said Samuel, her only heirs ; and the said Samuel as tenant by the curtesy, who lived till 1821, or 1822.

On the thirtieth of January, 1813, Samuel Spear made a deed conveying the demanded premises in fee to John Rollins, the father of the tenant, at that time in the actual possession thereof. John Rollins has since deceased, leaving the tenant his heir. From the time of receiving his deed till his decease, two or three years since, John Rollins continued in the actual and notorious possession of the premises, so conveyed to him, and transmitted the same to the tenant, who has since continued so to possess the same. John Rollins, after

receiving his deed, must be regarded as having held the same premises adversely to the claim of any one else; and thereby to have committed a disseisin against the title of any one not recognizing the right of his grantor to convey to him in fee. This disseisin was continued by the said John and the tenant down to the time of the institution of this suit; and is relied upon by the tenant in his defence.

Samuel Spear, when he made his said deed, being but a tenant by the curtesy, thereby created a forfeiture of his estate; and gave his children, the plaintiffs, an immediate right of entry. 2 Inst. 252, a; Cruise, Title V. Curtesy, ch. 11, § 36. Prior to the revision of the statutes, which took place since this action was commenced, there was no provision that the right of entry of heirs should be extended to twenty years, next after the time when an intervening estate would have terminated by its own limitation, notwithstanding any prior forfeiture thereof. By the statute of 1821, c. 62, § 4, it is provided, that no person, unless by judgment of law, shall, at any time thereafter, make any entry into any lands, tenements or hereditaments, but within twenty years next after his right or title first descended or accrued to the same. The right of entry of the plaintiffs having accrued in 1813, twenty-eight years before the time of the commencing of this suit, they must be deemed to have been barred of a right to maintain the same.

But, if the principle of the provision in the Revised Statutes had been in operation, it does not appear, by the case as made out, that the plaintiffs' right of entry would have remained to them. The time when their father died is not precisely ascertained. It was in 1821 or 1822. It may have been in 1821, and before March of that year, and so after the lapse of twenty years. It would have been incumbent on the plaintiffs, under this provision, to have proved that it was within twenty years before the entry by them made, which they have not done.

*Nonsuit confirmed.*